Hon. Philip Griffen Formal Opinion Chairman No. 96-F6 New York State Soil and Water Conservation Committee 1 Winners Circle Albany, N Y 12235
Dear Mr. Griffen:
You have asked whether members of Soil and Water Conservation District Boards of Directors receive indemnification to protect them from lawsuits arising out of their official actions.
Soil and Water Conservation Districts are formed by resolution of a county, which declares the county to be a district. Soil and Water Conservation Districts Law § 3(1). In a prior opinion of this office, we concluded that Soil and Water Conservation Districts are neither State entities nor part of the county in which they were established. 1980 Op Atty Gen (Inf) 62. We found, based on the provisions of law governing these districts, that they are political subdivisions.Id.
The legal characteristics of these districts, which led to this finding, remain. For example, the directors of a district are the governing body. Soil and Water Conservation Districts Law § 8(1). The directors may delegate powers and duties to the chairperson of the Board or to one or more directors and designate a secretary and a treasurer. Id.The directors independently may authorize officers and employees of the district to perform duties that are necessary for the operation of the district. Id., § 9(1-a). Directors are empowered to establish and abolish positions of employment and fix compensation. Id., § 9(1-b). They may authorize the treasurer to establish a petty cash fund for specific district purposes or undertakings and may establish a revolving fund for specific administrative and operational accounts. Id., § 9(1-c), (1-d).
The county may permit the use of any street or highway and machinery or equipment by the district upon such terms as may be agreed upon but with payment to the county of not less than the hourly rate fixed by the State Commissioner of Transportation for the hiring of such machinery and equipment. Id., § 9(12)(a). The district is responsible for acquisition of adequate insurance to protect the county in the event of loss or damage to the equipment and machinery and adequate liability and property damage insurance upon all equipment and machinery operated by motors. Id., § 9(12)(d). The State Commissioner of Transportation may permit the use of State highway machinery and equipment upon the same terms and conditions. Id., § 9(12)(c).
The directors of the Soil and Water Conservation District may sue and be sued in the name of the district. Id., § 9(9). Agencies of the State, under certain circumstances, may cooperate with the directors in the effectuation of programs under the provisions of the Soil and Water Conservation Districts Law. Id., § 11.
Thus, it is apparent that a Soil and Water Conservation District is a political subdivision, legally independent of the county and the State.
We pointed out in our prior opinion that in the absence of specific legislative authority, a governmental unit has neither the duty nor the authority to hold its officers and employees harmless against personal liability incurred in the performance of their duties. 1980 Op Atty Gen (Inf) 62. At the time of our 1980 opinion, State officers and employees received defense and indemnification for actions in the course of their employment through the provisions of section 17 of the Public Officers Law and municipalities were authorized by local law to establish these benefits. There was no protection, however, as we noted in our 1980 opinion, for many other entities, including Soil and Water Conservation Districts. Since that time, however, section 18 was added to the Public Officers Law, providing a scheme whereby "public entities" can provide for defense and indemnification of their officers and employees. For purposes of section 18 "public entity" includes a political subdivision or civil division of the State. Public Officers Law § 18(1)(a).
The provisions of section 18 apply to any public entity whose governing body elects to confer the section's benefits upon its officers and employees and to be held liable for the costs incurred under the section's provisions. Id., § 18(2)(a). The directors of a Soil and Water Conservation District may apply section 18 to the district. Upon compliance by directors, officers or employees of the district with the procedural requirements of section 18, the district would be responsible for their defense in any civil action or proceeding, State or Federal, arising out of an alleged act or omission which occurred or allegedly occurred while they were acting within the scope of their public employment or duties. Id., § 18(3)(a). The district also would have responsibility for indemnifying and saving harmless its directors, officers and employees in the amount of any judgment, in any State or Federal court, or in the amount of any settled claim, provided that the act or omission from which the judgment or settlement arose occurred while they were acting within the scope of their public employment or duties. Id., § 18(4)(a). Further, any settlements would have to be approved by the board of directors of the district. Id.Thus, the board of directors of a Soil and Water Conservation District may apply the provisions of section 18 and thereby provide defense and indemnification to its directors, officers and employees. We note that the district is authorized to purchase insurance from any insurance company created by or under the laws of the State or authorized to do business in this State against any liability imposed by section 18 or it may act as a self-insurer. Id., § 18(8).
The benefits of section 18 also may be conferred upon officers and employees of a public entity "where the governing body of a municipality, for whose benefit the public entity has been established" has agreed to confer the benefits of section 18 upon that public entity.Id., § 18(2)(b). The municipality would agree to be held liable for costs incurred under these provisions. Thus, under section 18(2)(b), a municipality may agree to defend and indemnify a public entity formed for its benefit. In our view, a county is authorized under this provision to provide defense and indemnification in accordance with section 18 to the directors, officers and employees of a Soil and Water Conservation District, in that the district is formed for the benefit of the county within the meaning of the provision. See, Op Atty Gen (Inf) No. 90-41. A Soil and Water Conservation District is established by the county legislative body, which by resolution has declared the county to be a district. Districts are created upon a finding by the legislative body that conservation of soil and water resources, control and prevention of soil erosion and prevention of flood water and sediment damages are problems of public concern in the county. The county legislative body must also determine that a substantial portion of the rural land occupiers of the county favor the creation of the district. Soil and Water Conservation Districts Law § 5(1). Once established, the district fulfills the legislative purpose in providing for the conservation of the soil and water resources of the county.
In our view, Soil and Water Conservation Districts clearly are public entities established by the county for the benefit of the county and, therefore, fall within the provisions of section 18(2)(b) of the Public Officers Law. Therefore, a county legislative body may agree to defend and indemnify the directors, officers and employees of the district at county expense.
You also have asked whether the members of an arbitration committee, comprised of representatives from each of three different district boards of directors, would receive defense and indemnification relating to committee activities. The arbitration committee would arbitrate various conflicts. Under section 10 of the Soil and Water Conservation Districts Law, the directors of any two or more districts may cooperate with one another in the exercise of any conferred powers. Thus, the formation of an arbitration committee representing several boards, to exercise a power granted to a district board of directors, is specifically authorized. Since each director, as a member of the committee, would be performing a power authorized by law, he would receive the benefits of any defense and indemnification provisions that are applicable to the board of directors he represents.
We conclude that the board of directors of a Soil and Water Conservation District may apply the provisions of section 18 of the Public Officers Law to directors, officers and employees of the district and thereby provide for their defense and indemnification for any acts or omissions committed within the scope of their duties. Alternatively, the county, for whose benefit a Soil and Water Conservation District is formed, may provide for the defense and indemnification of district directors, officers and employees.
Very truly yours,
DENNIS C. VACCO, Attorney General